IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE HART | NO.<br><br>3-14CR-0079N |

## PLEA AGREEMENT

Lawrence Hart, the defendant, Kenya Rounds, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Hart understands that he has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense;

   e. against compelled self-incrimination; and

   f. to a grand jury indictment.

2. **Waiver of rights and plea of guilty**: Hart waives these rights and pleads guilty to the offense alleged in Counts One, Two and Three of the Information, charging a violation of 18 U.S.C. § 1512, that is, Tampering with a Witness, 18 U.S.C. § 1012, False Statement to the Department of Housing and Urban Development, and 18 U.S.C. §

242, that is, Deprivation of Rights Under Color of Law. Hart understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

**Count One:**

    a. imprisonment for a period not to exceed 20 years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c. a term of supervised release of not more than three years, which must follow any term of imprisonment. If Hart violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Hart agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

**Count Two:**

    a. imprisonment for a period not to exceed one year;

    b. a fine not to exceed $100,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c. a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of

imprisonment. If Hart violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $25;

e. restitution to victims or to the community, which is mandatory under the law, and which Hart agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision.

**Count Three:**

a. imprisonment for a period not to exceed one year;

b. a fine not to exceed $100,000, or twice any pecuniary gain to the defendant or loss to the victim;

c. a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment. If Hart violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $25;

e. restitution to victims or to the community, which is mandatory under the law, and which Hart agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Hart understands that the sentences in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Hart has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's

consideration of the guidelines in this case. Hart will not be allowed to withdraw any plea if the sentence is higher than expected. Hart fully understands that the actual sentences imposed (so long as they are within the statutory maximum) are solely in the discretion of the Court.

5. **Mandatory special assessment**: Hart agrees to pay to the U.S. District Clerk the amount of $150, in satisfaction of the mandatory special assessments in this case.

6. **Defendant's agreement**: Hart shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Hart shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Hart expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Hart's ability to satisfy any financial obligation imposed by the Court. Hart fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Hart agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Hart's full and immediately enforceable financial obligation. Hart understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Government's agreement:** The government will not bring any additional charges against Hart based upon the conduct underlying and related to Hart's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Hart or any property.

8. **Violation of agreement:** Hart understands that if he violates any provision of this agreement, or if any guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Hart for all offenses of which it has knowledge. In such event, Hart waives any objections based upon delay in prosecution. If any plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Hart also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea:** These pleas of guilty are freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence:** Hart waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and

sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Hart, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel:** Hart has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Hart has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Hart has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[Nothing Further On This Page].

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 7 day of February, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
LAWRENCE HART
Defendant

_____
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Email: Errin.Martin@usdoj.gov

_____
KENYA ROUNDS
Attorney for Defendant

_____
GARY C. TROMBLAY
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____      2-7-14
LAWRENCE HART                     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     2-7-14
KENYA ROUNDS                      Date
Attorney for Defendant